RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 9/15/15
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| JOSEPH V. FOSTER, JR. | : | CIVIL ACTION NO: 5:98-cv-00499 |
| VERSUS | : | JUDGE DONALD E. WALTER |
| WARDEN, LOUISIANA STATE PENITENTIARY | : | MAGISTRATE JUDGE PAYNE |

## ORDER

Before the court is a "Motion to Vacate Judgment Filed Under Federal Rules of Civil Procedures, Rule 60(b)(1),(2) & (6)," [Doc. #26], filed *pro se* by petitioner Joseph V. Foster, Jr. ("Foster"). Foster attacks this court's denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the Rule 60(b) motion lacks merit and will deny the motion *ex proprio motu*.

As a preliminary matter, the court notes that Foster filed the instant motion fifteen years after the denial of his habeas application, [Doc. #13], and ten years after the denial of his first attempt to obtain relief under Rule 60(b), [Docs. ##18, 19 21]. As such, the instant motion is woefully untimely under Fed. R. Civ. P. 60(c)(1), which provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Petitioner makes no showing that the motion was brought within a reasonable time.

Second, it is readily apparent that the motion seeks to: (A) relitigate the merits of Foster's previous habeas claims; and (B) present new (but similar) substantive claims. The Supreme Court

1

has made clear that a Rule 60(b) may not be used in this manner, because such a motion is, in essence, a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524 (2005). The *Gonzalez* court held that a state prisoner seeking to present substantive habeas claims may only do so under 28 U.S.C. § 2244(b), which provides the exclusive circumstances under which a second or successive habeas petition may be brought. *Id.* Foster makes no showing that he satisfied any of those circumstances. *See* 28 U.S.C. § 2244(b)(2). Furthermore, Foster must move for and obtain authorization from the Fifth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). Because Foster's claims are substantive in nature, he may not use Rule 60(b) to circumvent these statutory requirements.

For the foregoing reasons, **IT IS ORDERED** that the motion to vacate [Doc. #26] be and is hereby **DENIED**.

THUS DONE AND SIGNED, in chambers, in Shreveport, Louisiana, this 8 day of September 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

2